IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CASSIE ANN WILKIN,<br><br>     Petitioner,<br><br><br><br><br>          vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>     Respondent. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br><br><br>Civil Case No. 2:06-CV-367 TS<br><br>Criminal Case No. 2:05-CR-53 TS |

        This matter is before the Court on Petitioner's Motion to Vacate or Correct Sentence,

pursuant to 28 U.S.C. § 2255 (§ 2255 Motion).[1]  Petitioner is proceeding *pro se* in this matter.

Having considered the pleadings and the record before it, the Court finds that all of Petitioner's

arguments, and their underlying bases, do not establish appropriate grounds upon which to justify

relief under § 2255.  Based upon the reasons set forth more fully below, the Court will deny the §

2255 Motion and dismiss this case.

_____

        [1] Case No. 2:06-CV-367 TS,  Docket No. 1.

## I.  BACKGROUND

Petitioner was indicted in a four-count Indictment on January 26, 2005.[2]  Petitioner entered a plea of guilty to Count III of the Indictment on April 4, 2005.  Petitioner was sentenced on August 8, 2005, to a 120 month term of imprisonment, the mandatory minimum sentence for a violation of 21 U.S.C. § 841(a)(1).  Judgment was entered on August 9, 2005.[3]  Petitioner did not pursue direct appeal.

## II.  ANALYSIS

A.      PROCEDURAL BAR

The Supreme Court has ruled that, because "a final judgment commands respect," it has "long and consistently affirmed that a collateral challenge may not do service for an appeal."[4] Generally, the Tenth Circuit has held that § 2255 cannot be used to test the legality of matters which should have been raised on appeal.[5]  Further, if an issue is not raised on direct appeal, the defendant "is barred from raising the issue in a § 2255 motion proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting [from] the error or a fundamental miscarriage of justice [if] the claim is not considered."[6]

---

[2] Case No. 2:05-CR-53 TS, Docket No. 1.

[3] Case No. 2:05-CR-53 TS, Docket No. 32.

[4] *United States v. Frady*, 456 U.S. 152, 165 (1982).

[5] *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994); *United States v. Khan*, 835 F.2d 749, 753 (10th Cir. 1987).

[6] *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996); *see also Frady*, 456 U.S. at 167-68 (A defendant can overcome this bar only by showing cause for the procedural default and actual prejudice resulting from the alleged sentencing error).

Here, Petitioner did not raise any of the arguments she makes during the underlying criminal case, nor did she pursue direct appeal.  Therefore, because the issues presented in the instant § 2255 Motion were not raised and Petitioner did not pursue direct appeal, Petitioner's Motion is procedurally barred, and can only be considered by the Court if the *Frady* factors set forth above are satisfied.

    1.   <u>Cause and Prejudice</u>.

To be granted relief from the procedural bar under this analysis, a petitioner must establish both cause *and* prejudice.  Therefore, even if Petitioner argues that she was prejudiced, she must also argue that sufficient cause existed in order for the Court to peer past the procedural bar.

> Complicating this cause-and-prejudice inquiry is the fact that the Supreme Court has never "attempted to establish conclusively the contours of the standard." Nevertheless, certain general guidelines have emerged from the Court's jurisprudence.  A petitioner must first show "cause" for his failure to raise the legal claim in an earlier petition.  Habeas petitioners may not choose to withhold claims for disposition in later proceedings, and even negligence in discovering a claim will not excuse a delay.  Instead, a petitioner must show that his efforts to raise the claim at earlier stages were "impeded" by "some objective factor external to the defense," for example, where "the factual or legal basis for a claim was not reasonably available to counsel" during earlier proceedings.  The standard is an *objective* one, asking not what a particular attorney or pro se petitioner actually knew but whether the claim was "reasonably available" upon diligent inquiry.[7]

The Supreme Court has further clarified that the cause and prejudice standard "applies even in cases in which the alleged constitutional error impaired the truthfinding function of the trial."[8]  Further, the Supreme Court "has long understood the vital interest served by federal

---

    [7] *Daniels v. United States*, 254 F.3d 1180, 1190 (10th Cir. 2001) (internal citations omitted) (emphasis added).

    [8] *Coleman v. Thompson*, 501 U.S. 722, 747 (1991).

procedural rules, even when they serve to bar federal review of constitutional claims."[9]

"As for prejudice, a petitioner must show 'actual prejudice resulting from the errors of which he complains.'  More specifically, a petitioner must demonstrate 'actual prejudice resulting from the alleged constitutional violation.'"[10]

Here, Petitioner does not address her failure to raise these issues in the underlying criminal case, nor does she explain her failure to appeal.  As a result, the Court finds that Petitioner has not argued, nor has she produced any evidence, that her efforts to raise this issue prior to this § 2255 appeal were impeded by some objective factor external to the defense, or that the factual or legal basis for a claim was not reasonably available to counsel during earlier proceedings.  Petitioner has not made any explanation for her failure to raise these issues at the appropriate time or in the appropriate context.

Based upon the above, the Court further finds that Petitioner has established neither cause nor prejudice under *Frady*[11] which would excuse her procedural default.  Therefore, Petitioner's claims are procedurally barred.

2.    <u>Fundamental Miscarriage of Justice</u>.

In order to establish a "fundamental miscarriage of justice," Petitioner must make a

---

[9] *Id.* at 751 (emphasis omitted) (citing *Yakus v. United States*, 321 U.S. 414, 444 (1944) ("No procedural principal is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.")

[10] *Johnson v. Champion*, 288 F.3d 1215, 1226-27 (10th Cir. 2002) (quoting *Frady*, 456 U.S. at 168, and *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)).

[11] 456 U.S. at 167-68.

4

colorable showing of innocence.[12]  Indeed, the Tenth Circuit has stated that "the § 2255 movant who challenges his conviction can overcome the procedural bar if he can demonstrate that the constitutional error 'has probably resulted ins the conviction of one who is actually innocent.'"[13]

Here, Petitioner does not argue that she was innocent. Given the Court's findings herein, the Court further finds no miscarriage of justice in this case which would remove the *Frady* procedural bar.

B.     PETITIONER'S CLAIMS

Even if Petitioner's claims were not procedurally barred, the Court would find them to be without merit.  Petitioner raises the following issues in her § 2255 Motion: (1) lack of personal jurisdiction; (2) lack of subject matter jurisdiction; (3) the government has refused to provide discovery, in particular the charging document; (4) the government has failed to provide a warrant of commitment or detainer in support of its authority to restrain Petitioner; (5) the government has provided no evidence to prove its claim; (6) ineffective assistance of counsel; and (7) the government failed to file a motion for downward departure.

1.     *Personal Jurisdiction*

Petitioner first argues that the Court lacks personal jurisdiction over her.  In a criminal case, it is well settled that a district court has personal jurisdiction over any party who appears before it.[14]  Here, it is undisputed that an Indictment was issued, an arrest warrant was then

---

[12] *Herrera v. Collins*, 506 U.S. 390, 404 (1993).

[13] *Wiseman*, 297 F.3d at 979.

[14]*See Boyd v. Meachum*, 77 F.3d 60, (2d Cir. 1996); *United States v. Lussier*, 929 F.2d 25, 27 (1st Cir. 1991); *United States v. Stuart*, 689 F.2d 759, 762 (8th Cir. 1982); *United States v. Warren*, 610 F.2d 680, 684 n.8 (9th Cir. 1980).

issued, and Petitioner appeared before the Court.  During the pendency of the underlying

criminal case Petitioner made no argument that the Court lacked personal jurisdiction.  For these

reasons, the Court had jurisdiction over Petitioner and her argument is without merit.

       *2.*        *Subject Matter Jurisdiction*

Petitioner next argues that the Court lacked subject matter jurisdiction with regard to her

case.  18 U.S.C. § 3231 gives the Court subject matter jurisdiction over "all offenses against the

laws of the United States."  Because the Indictment alleged violations of a federal statute, 21

U.S.C. § 841(a)(1), the Court had subject matter jurisdiction.

       *3.*        *Discovery*

Petitioner alleges that the government has refused to provide discovery.  In particular,

Petitioner alleges that the government has failed to provide a copy of the charging document.

The record reflect that the government did indeed provide Petitioner with discovery.[15]

Additionally, the Indictment has been made a part of the file.[16]  Further, at the change of plea

hearing, during the Rule 11 plea colloquy, the Court confirmed that Petitioner had received a

copy of the Indictment.  Thus, Petitioner's argument is without merit.

       *4.*        *Warrant of Commitment*

Petitioner argues that the government has failed to provide a warrant of

commitment/detainer to support its authority to restrain her.  The authority to detain Petitioner

---

[15]Case No. 2:05-CR-53 TS, Docket Nos. 5 and 13.

[16]Case No. 2:05-CR-53 TS, Docket No. 1.

comes from her guilty plea,[17] the sentence imposed by the Court,[18] and the Judgment entered in this case.[19]  That Judgment was executed on September 29, 2005.[20]  Thus, Petitioner's claim is without merit.

       *5.*      *Sufficiency of Evidence*

Petitioner next argues that the government had no evidence to prove its claim.  The Statement in Advance of Plea contains the following:

> 12.  I stipulate and agree that the following facts accurately describe my conduct. They provide a basis for the Court to accept my change of plea to guilty and for calculating the sentence in my case:
>
>     (a) On December 7, 2004, a police [sic] conducted a search of the car I was driving.  During the search, the trooper located methamphetamine in the car I was driving.  I was aware of that quantity of a controlled substances [sic] in the car, and I intended to sell the drugs to a third party.
>
>     (b) I admit that my conduct violated 21 U.S.C. § 841(a)(1).[21]

Petitioner agreed with that statement of facts and freely, voluntarily, and with full knowledge of her legal rights and consequences of entering the plea, entered a plea of guilty to Count III of the Indictment.  Therefore, Petitioner's argument is without merit.

       *6.*      *Ineffective Assistance*

Petitioner argues that she was denied effective counsel.  Specifically, she states that "[m]y defense Attorney's lack of knowledge, intentional neglect, and ignorance of the above

---

[17]Case No. 2:05-CR-53 TS, Docket No. 18.

[18]Case No. 2:05-CR-53 TS, Docket No. 31.

[19]Case No. 2:05-CR-53 TS, Docket No. 32.

[20]Case No. 2:05-CR-53 TS, Docket No. 33.

[21]Case No. 2:05-CR-53 TS, Docket No. 18, at ¶ 12.

stated grounds prove her ineffectiveness."[22]

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffectiveness of counsel.  "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[23]

To successfully claim ineffective assistance then, Petitioner must show two things:  First, that Counsel functioned deficiently.[24]  "This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment."[25] Second, she must show that Counsel's deficient functioning prejudiced Petitioner's defense.[26] "This requires showing that counsel's errors were so serious as to deprive [Petitioner] of a fair [proceeding], . . . whose result is reliable."[27]  Without both of these showings, Petitioner may not prevail in arguing that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable."[28]

---

[22]Case No. 2:06-CV-367 TS, Docket No. 1, at 2.

[23]*United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington,* 466 U.S. 668 (1984)).

[24]*Strickland*, 466 U.S. at 687.

[25]*Id.*

[26]*Id.*

[27]*Id.*

[28]*Id.*

A Court is to review Petitioner's ineffective assistance of counsel claim from the perspective of her counsel at the time he or she rendered the legal services, not in hindsight.[29]  In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but only what is constitutionally compelled.[30]  Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[31]

Petitioner has made no meritorious argument, and nothing in the record suggests, that counsel's representation fell below an objective standard of reasonableness.  Therefore, the Court finds that there was no deficient functioning of Counsel in the underlying criminal case.  Further, Petitioner has alleged no prejudice from counsel's failure to make the arguments raised in the § 2255 Motion.  As such, Petitioner's ineffective assistance claim is without merit.

7.    *Downward Departure*

Finally, Petitioner argues that the government failed give her a downward departure for substantial assistance pursuant to U.S.S.G. § 5K1.1.  The Court has already ruled on this issue in response to Petitioner's Motion to Compel.[32]  For the same reasons stated in the Order denying the Motion to Compel, the Court finds that Petitioner's arguments are without merit.

---

[29] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[30] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[31] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

[32] Case No. 2:05-CR-53 TS, Docket No. 38 (finding no grounds upon which Court could compel government to file § 5K1.1 Motion).

9

III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Docket No. 1 in Case No. 2:06-CV-367 TS) is DENIED.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The clerk of the court is directed to close this case forthwith.

DATED this 7th day of August,  2007.

BY THE COURT:

_____
TED STEWART
United States District Judge